IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HICA EDUCATION LOAN CORPORATION,   )<br>                                    )<br>          Plaintiff,                )<br>                                    )<br>     v.                             )<br>                                    )<br>SHALAMAH N. YAHCHOVE,               )<br>                                    )<br>          Defendant.                )<br>_____) | 2:11-cv-02256-GEB-CKD<br><br>ORDER TO SHOW CAUSE AND<br>CONTINUING STATUS (PRETRIAL<br>SCHEDULING) CONFERENCE; FED.<br>R. CIV. P. 4(M) NOTICE |

    The August 25, 2011 Order Setting Status (Pretrial Scheduling) Conference scheduled a status conference in this case on November 7, 2011, and required the parties to file a joint status report no later than fourteen (14) days prior to the scheduling conference. The August 29, 2011 Order further required that a status report be filed regardless of whether a joint report could be procured. No status report was filed as ordered.

    Therefore, Plaintiff is Ordered to Show Cause ("OSC") in a writing to be filed no later than 4:00 p.m. on November 21, 2011 why sanctions should not be imposed against it and/or its counsel under Rule 16(f) of the Federal Rules of Civil Procedure for failure to file a timely status report. The written response shall also state whether Plaintiff or its counsel is at fault, and whether a hearing is requested

on the OSC.[1] If a hearing is requested, it will be held on January 30, 2012, commencing at 9:00 a.m., just prior to the status conference, which is rescheduled to that date and time. A status report shall be filed no later than fourteen (14) days prior to the status conference.

Further, Plaintiff is notified under Rule 4(m) of the Federal Rules of Civil Procedure that any defendant not served with process within the 120 day period prescribed in that Rule may be dismissed as a defendant. To avoid dismissal, on or before December 23, 2011 Plaintiff shall file proof of service for any unserved defendant or a sufficient explanation why service was not effected within Rule 4(m)'s prescribed service period.

IT IS SO ORDERED.

Dated:  October 25, 2011

GARLAND E. BURRELL, JR.
United States District Judge

---

[1] "If the fault lies with the attorney, that is where the impact of sanction should be lodged.  If the fault lies with the clients, that is where the impact of the sanction should be lodged." Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985). Sometimes the faults of attorneys, and their consequences, are visited upon clients. In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).